IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:06-CV-101 |
| DONALD W. MITCHELL, | § § § | |
| Defendant. | § § § § | |

## MEMORANDUM OPINION

The United States of America, Plaintiff, has sued Donald Mitchell for breach of a contract entered into under the Nursing Education Loan Repayment Program. The Court grants Plaintiff's motion for summary judgment.

### I. BACKGROUND

The Department of Health and Human Services and Donald Mitchell entered into an agreement under the Nursing Education Loan Repayment Program. *See* 42 U.S.C.A. § 297n (2006). The Department promised to help Mitchell repay the loans he incurred for an education in nursing. Mitchell promised to work at the University of New Mexico Health Sciences Center from May 12, 1997 to May 11, 1999; and he promised to reimburse the Department for any payments made under the agreement, plus interest at the maximum legal prevailing rate, if he failed to complete the two-year term.

The Department paid Mitchell $5,113.20 under the agreement. Mitchell quit working for the University of New Mexico on April 16, 1998, more than a year before the two-year term

ended.  As of August 1, 2006, interest of $4,817.10 has accrued on the $5,113.20 paid to Mitchell.  Another $1.93 of interest accrues each day.

## II. DISCUSSION[1]

Plaintiff seeks summary judgment that Mitchell breached a contract entered into under the Loan Repayment Program by failing to complete his two-year term of service.  This Court may grant summary judgment if the record shows that the case has no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment.  *Id.* at 324-25.  Rather than rest on pleaded allegations or denials, the nonmovant must set forth specific facts that show a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The Court reviews the facts and draws all inferences most favorable to the nonmovant.  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

A breach-of-contract claim brought under Texas law consists of four elements: (1) a valid contract; (2) a plaintiff's performance or tendered performance; (3) a defendant's breach; and (4) damage to the plaintiff as a result of the breach.  *Lewis v. Bank of America NA*, 343 F.3d 540, 544-45 (5th Cir. 2003).

Plaintiff has produced the agreement that the Department of Health and Human Services and Mitchell entered into under the Loan Repayment Program.  Mitchell has admitted that he

---

[1] The United States of America filed its motion for summary judgment on August 24, 2006.  Mitchell failed to file a response.

executed the agreement and formed a contract. Such evidence proves that Plaintiff and Mitchell formed a valid contract. The Certificate of Indebtedness sent to Mitchell proves that Plaintiff performed under the contract upon paying him $5,113.20 in loan-repayment funds. Mitchell's Original Answer, in which he admits that he failed to complete the service owed under the contract and breached the contract, proves that he breached the contract. Both the Certificate of Indebtedness and Dori A. Creamer's[2] Affidavit of Amount Due prove that Plaintiff has suffered $9,930.30 in damages—the total of the $5,113.20 paid to Mitchell plus the $4,817.10 of accrued interest—as a result of Mitchell's breach.

## III. CONCLUSION

Accordingly, the Court grants summary judgment that Donald Mitchell breached a contract entered into with the Department of Health and Human Services under the Nursing Education Loan Repayment Program. The Court will enter judgment of $9,930.30 plus interest that has accrued since August 1, 2006, interest on the judgment, and costs of suit.

IT IS SO ORDERED

Signed February 16, 2007.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Dori A. Creamer works as the Financial Litigation Agent for the United States Attorney's Office.